UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X   Civil Action No.:
DORA AMPONG                            21-cv-02049

                Plaintiff,

  -against-

COSTCO WHOLESALE CORP.,

                Defendant.
-----------------------------------X

MEMO ENDORSED 3/22/2021

The motion should be denied as moot. This matter will be submitted to the court's assignment committee for a decision on transfer. Strike the motion from the court's list of open motions.

[signature]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
REASSIGN CASE TO THE WHITE PLAINS COURTHOUSE**

SIMMONS JANNACE DELUCA, LLP
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
s/h/a COSTCO WHOLESALE CORP.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/21

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................... iii

BACKGROUND ............................................... 1

ARGUMENT ................................................. 2

POINT I
    THE RULES FOR THE DESIGNATION AND
    ASSIGNMENT OF ACTIONS SUPPORTS REASSIGNING
    THIS ACTION TO THE WHITE PLAINS COURTHOUSE ....... 2

CONCLUSION ............................................... 5

**TABLE OF AUTHORITIES**

                **PAGE**

**Cases**

Cardenas v. Premier Investigations, Inc., 2004 U.S. Dist. Lexis 24361 (S.D.N.Y. 2004) .................... 3, 4

Henry v. Wyeth Pharms., Inc., 2007 U.S. Dist. Lexis 57921 (S.D.N.Y. 2007) ................................ 4

Nixon v. Diehm, 2000 U.S. Dist. Lexis 2834 (S.D.N.Y. 2000) ................................................ 3

Terio v. Putnam County Housing Association, 1999 U.S. Dist. Lexis 16594 (S.D.N.Y. 1999) .................. 3

Tiffany v. Tartaglione, 2001 U.S. Dist. Lexis 23873 (S.D.N.Y. 2001) ...................................... 3

**Statutes**

Rule 18(a) of the Rules for the Division of Business Among District Judges in the Southern District of New York ........................................................ 1, 2, 4

Rule 19 of the Rules for the Division of Business Among District Judges in the Southern District of New York ........................................................ 1, 3

Rule 20 of the Rules for the Division of Business Among District Judges in the Southern District of New York ........................................................ 1, 2, 3

```
UNITED STATE DISTRICT COURT                        (ih-1464)
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X             Civil Action No.:
DORA AMPONG,                                       21-cv-02049-CM
                        Plaintiff,
                                                   MEMORANDUM OF LAW IN
        -against-                                  SUPPORT OF
                                                   MOTION TO REASSIGN
COSTCO WHOLESALE CORP.,                            CASE TO THE WHITE
                                                   PLAINS COURTHOUSE
                        Defendant.
                                                   McMahon, J.
-------------------------------------X
```

Costco Wholesale Corporation s/h/a Costco Wholesale Corp. ("Costco"), by its attorneys, Simmons Jannace DeLuca, LLP, respectfully submits this Memorandum of Law in support of its motion for an Order: (1) pursuant to Rules 19 and 20 of the Rules for the Division of Business Among District Judges in the Southern District of New York, reassigning this action to the White Plains Courthouse of the United States; and (2) for such other and further relief as this Court may deem just, proper and equitable.

## BACKGROUND

Plaintiff alleges to have sustained personal injuries on December 19, 2019, after purportedly tripping and falling over a rug inside the Costco warehouse located at 1 Westchester Avenue, Westchester, New York. **Exhibits "A"** ¶ 7, and **"C"** ¶¶ 4-5. While plaintiff resides in Bronx, New York, the claim allegedly arose in Westchester County, a "Northern County" as defined by Rule 18(a)(i)

1

of the Rules for the Division of Business Among District Judges in the Southern District of New York.

There are no ties whatsoever to Manhattan. The Costco employees who responded to the incident, all work and reside in Northern Counties. Not only will it be necessary for them to attend and testify at trial, they are still required to perform their typical duties for Costco. Accordingly, it would be a hardship for Costco to require these witnesses to have to travel to Manhattan, to testify at trial when they could just as easily do so in the much closer White Plains Courthouse. Moreover, had this case been initially filed in Federal Court it would have been assigned to White Plains pursuant to Rule 18(a)(i) based on the location of the accident.

Given the multitude of connections this litigation has to a Northern County, in the interest of justice and sound judicial administration, the Court should exercise its broad discretion and reassign this case to the proper forum, the White Plains Courthouse.

**ARGUMENT**

**THE RULES FOR THE DESIGNATION AND ASSIGNMENT OF ACTIONS SUPPORTS REASSIGNING THIS ACTION TO THE WHITE PLAINS COURTHOUSE**

While Rule 20 of the Rules for the Division of Business Among District Judges in the Southern District of New York provides that actions removed from State Court in Bronx County are assigned to

Manhattan, Rule 20 also permits a "defendant [to] move for reassignment as provided in the section entitled Reassignment of Cases." Id. The Reassignment of Cases is set forth in Rule 19 of the Rules for the Division of Business Among District Judges in the Southern District of New York, which provides inter alia, cases may be reassigned to the White Plains Courthouse "if the Judge to whom the case is assigned believes that it should be assigned to the other courthouse under these rules." Id.

Where there is no nexus to Manhattan, reassignment to White Plains is appropriate. See Nixon v. Diehm, 2000 U.S. Dist. Lexis 2834 (S.D.N.Y. 2000) (where the claims at issue and the witnesses are located in Northern Counties, reassignment to White Plains is appropriate). Moreover, there has been no significant activity in the case since removal. See Tiffany v. Tartaglione, 2001 U.S. Dist. Lexis 23873 (S.D.N.Y. 2001) (reassignment to White Plains was appropriate since "all parties, material witnesses and evidence are located in Westchester County," and the case was in the early stages of litigation); Terio v. Putnam County Housing Association, 1999 U.S. Dist. Lexis 16594, *4 (S.D.N.Y. 1999) ("no judge at the Pearl Street Courthouse has invested a substantial amount of time in this case such that a reassignment to White Plains would be counter to 'sound judicial administration.'").

In Cardenas v. Premier Investigations, Inc., 2004 U.S. Dist. Lexis 24361 (S.D.N.Y. 2004), the Court found reassignment to White

3

Plains was appropriate even though one plaintiff resided in Bronx County, since the Court had not yet held an initial pre-trial conference, defendant and its business were located in White Plains, the other parties resided in Westchester County and the potential non-party witnesses resided in Westchester County. Id. at *2.

Here, like in Cardenas, plaintiff is a resident of Bronx County. However, the location of the accident, Costco's witness and evidence are located in Northern Counties. Moreover, to the extent there are non-party witnesses to the accident, Costco assumes they too likely reside in a Northern County since they were shopping at a Costco located in Westchester County.

Rule 18(a) of the Rules for the Division of Business Among District Judges in the Southern District of New York designates the White Plains Courthouse for civil cases if "(i) the claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties." Id. (emphasis added). Accordingly, had this action been initially filed in Federal Court, it would have been subject to designation of White Plains since plaintiff's alleged accident occurred in a Northern County. See Henry v. Wyeth Pharms., Inc., 2007 U.S. Dist. Lexis 57921 (S.D.N.Y. 2007) (J. McMahon) (the action was reassigned to the White Plains Courthouse, *sua sponte*,

as "it was subject to the mandatory designation to White Plains" given the location of the underlying action and residencies of the parties).

## CONCLUSION

The interest of justice weighs in favor of transferring this matter to the White Plains Courthouse as the location of the accident was in Westchester, and the Costco employees who have discoverable information reside in Northern County. Therefore, there is no nexus in this litigation to Manhattan. Accordingly, Costco requests this Honorable Court issue an Order reassigning this matter the White Plains Courthouse, which is a more appropriate forum given its connections to the case; and for such other and further relief as this Court may deem just, proper and equitable.

Dated: Hauppauge, New York
       March 18, 2021

Respectfully submitted,

**SIMMONS JANNACE DELUCA, LLP**

BY:   /s/ Ian E. Hannon
      Ian E. Hannon (ih-1464)
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION s/h/a
COSTCO WHOLESALE CORP.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888

5