## SIMMONS JANNACE DELUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca^
Allison C. Leibowitz
Stacey Ramis Nigro
Michael C. Lamendola*

Mary C. Azzaretto
Daniel P. Borbet
Irina Feferman*
Ian E. Hannon
Robert J. Molinari
Aric H. Peymann
Merle Schrager

Counsel

Susan B. Jannace
Ross M. Chinitz^

*Also Admitted NJ
^Also Admitted CT

July 14, 2021

**Via ECF**
Honorable Stewart D. Aaron, Magistrate Judge
United States District Court
Southern District of New York
500 Pear Street
New York, New York 10007-1312

> Re:   Ampong, Dora v. Costco Wholesale Corporation
> Docket No.: 1:21-cv-02049 (CM)

Dear Judge Aaron:

This office represents defendant, Costco Wholesale Corporation s/h/a Costco Wholesale Corp. ("Costco") in the above-referenced matter. Please accept the following as Costco's motion for a protective order permitting Costco to withhold exchanging a copy of video footage of plaintiff's alleged accident, until after plaintiff's deposition.

There are significant discrepancies between how plaintiff alleges the accident occurred and what is depicted in the warehouse's video. Plaintiff alleges in her Response to Interrogatories that on December 19, 2019, she was allegedly caused to trip and fall from a rug near the entrance of the store. See ¶¶ 5 and 7 of plaintiff's Response to Interrogatories, annexed hereto as **Ex. "A."** Plaintiff alleges that Costco was negligent in its maintenance of the rug. **Ex. "A,"** ¶ 4. Likewise, in plaintiff's Verified Bill of Particulars served in State Court, plaintiff alleges that she was "caused to trip and fall due to the negligence of defendant...in failing to remove, repair or replace a rug." A copy of plaintiff's Verified Bill of Particulars is annexed hereto as **Ex. "B."** On October 28, 2020, plaintiff treated with Electro Diagnostic Physical Medicine Rehabilitation claiming she tripped on carpet and landed on her left knee while walking in Costco. A copy of this record is annexed hereto as **Ex. "C."**

However, the allegations contained in plaintiff's discovery responses and medical records are at complete odds with what is depicted in the store video, thus warranting withholding the video in order to preserve its impeachment value. A defendant establishes a good faith basis to withhold video until after plaintiff's deposition where the accounts contained in plaintiff's Complaint and/or discovery responses are at odds with what is depicted in the video. See Gormley

Honorable Stewart D. Aaron, Magistrate Judge
July 14, 2021
Page 2

v. Target Brands, Inc. et al., 19-CV-07214, (E.D.N.Y. June 23, 2020) (order permitting defendant to withhold exchanging video and photographs of the accident location until after plaintiff's deposition in order to preserve the evidence's impeachment value) (annexed as **Ex. "D"**); Quintero v. Costco Wholesale Corporation, 18-CV-01292, Doc. No. 11 (E.D.N.Y. June 19, 2018) (annexed hereto as **Ex. "E"**) (defendant may be permitted to withhold video and photographs until after plaintiff's deposition, where the accounts contained in plaintiff's Complaint and discovery responses are at odds with the video and photographs); Miller v. The Cheesecake Factory Restaurant, Inc., 17-CV-02500, Doc No. 18 (E.D.N.Y. April 4, 2018) (annexed hereto as **Ex. "F"**) (defendant is permitted to withhold video evidence and manager's incident report in order to prevent plaintiff from tailoring her testimony, and preserving its value as impeachment evidence); see also Fallica-Risteff v. Target, 16-CV-4195, Doc. No. 15 (E.D.N.Y. October 14, 2016) (annexed hereto as **Ex. "G"**); Lang v. Wal-Mart Stores, Inc., et al., 15-CV-2528, Doc. No. 20, at 3 (E.D.N.Y. July 17, 2015) (annexed hereto as **Ex. "H"**); Caruso v. Target, 12-CV-022341, Doc. No. 29, at 1 (E.D.N.Y. May 22, 2013) (annexed hereto as **Ex. "I"**); Poppo v. Aon Risk Servs., 00-CV-4165, 2000 U.S. Dist. LEXIS 17588 at *2 (S.D.N.Y. Dec. 6, 2000) (annexed hereto as **Ex. "J"**).

In Gordon v. Target Corporation, 318 F.R.D. 242 (E.D.N.Y., Dec. 5, 2016), the court held that a defendant is entitled to a protective order upon showing good cause, by setting forth "particular and specific facts" that plaintiff may tailor testimony in the event the video is produced. Id. at 245. Here, defendants have sufficient good cause to delay exchanging a copy of the video until after plaintiff's deposition as plaintiff's allegations contained in plaintiff's discovery responses and medical records are directly at odds with the video footage. Under similar circumstances, defendant was entitled to a protective order after demonstrating plaintiff's allegations conflicted with what was depicted in defendant's video. In Valenza v. Target Corp., 18-CV-7375 (February 6, 2019) (annexed as **Ex. "K"**), after conducting an in camera review of defendant's video, the court found that plaintiff's description of her accident contained in her Complaint and discovery responses, conflicted with what was depicted in the video and the value of the video as impeachment evidence outweighed its value to plaintiff. Id. Indeed, the court considered the Gordon opinion, and found that consistent with the Gordon decision, where allegations contained in plaintiff's discovery responses and complaint are at odds with the video, good cause exists to withhold video evidence. Id.

Moreover, the delaying production of the video until after plaintiff is deposed, "strikes an appropriate balance between the parties' interest. This relief preserves for Defendants the value of the videotape for impeachment purposes and provides the Plaintiff relevant discovery well in advance of trial." Katrinic v. Moonstar Logistics, LLC, 2020 U.S. Dist. LEXIS 32036, *3 (S.D.N.Y. Feb. 25, 2020) (annexed as **Ex. "L"**).

Accordingly, defendants should be entitled to fully explore the credibility issues raised by these discrepancies at plaintiff's deposition without plaintiff having the benefit of reviewing the video footage. See Linden v. Target Corporation, 20-CV-4975 (E.D.N.Y. March 3, 2021) (in balancing the interests between the parties, the court held that defendant had good cause to withhold the video in order to prevent plaintiff from tailing her testimony) (annexed hereto as **Ex. "M"**); see also Gormley, supra; Quintero, supra; Miller, supra.

Honorable Stewart D. Aaron, Magistrate Judge
July 14, 2021
Page 3


Costco respectfully submits that based on the foregoing it is entitled to a protective order permitting Costco to withhold exchanging the video footage until after plaintiff's deposition. In the alternative, Costco requests leave to file under seal a copy of the video, along with arguments setting forth the specific discrepancies. An in camera review would allow Costco to make the requisite showing that the evidence must be withheld until after plaintiff's deposition, without simultaneously eliminating the impeachment value sought to be preserved. See Santos De Paulino v. Target Corporation, 20-CV-3506 (E.D.N.Y. October 26, 2020) (granting defendant's motion for a protective order after conducting a review of evidence in camera and concluding defendant had good cause to withhold the evidence) (annexed as **Exhibit "N"**); Gormley, supra (video and photographs submitted for in camera review to protect their value as impeachment evidence); see also Weinhold v. Witte Heavy Lift, Inc., 1994 U.S. Dist. LEXIS 4559 (S.D.N.Y. 1994) (surveillance reports and logs submitted for in camera review).

Prior to this application, the undersigned contacted plaintiff's counsel office on July 8, 2021 to inform counsel that while Costco's responses to plaintiff's discovery demands are not yet due, Costco's intends to object to plaintiff's request for a copy of the video. The undersigned was transferred to attorney Michael Glynn, who advised that plaintiff would oppose any objection made by Costco to withhold the video until after plaintiff's deposition. The undersigned informed Mr. Glynn that Costco would seek a protective order to withhold the video if necessary. Mr. Glynn advised that his office would oppose any such request. Following the Court's July 13, 2021 Order, the undersigned again contacted plaintiff's office to discuss Costco's intended application for a protective order. The undersigned was referred to attorney Sonna Goldstein, who advised that she would forward a message to the handling attorney, Jeannie I. Rivera. On July 14, 2021, the undersigned spoke with Ms. Rivera and advised of the previous conversations with counsel's office and Costco's intention to withhold exchanging the video until after plaintiff's deposition. Counsel objected and advised that plaintiff would oppose any such application. It is plaintiff's position that plaintiff is entitled to see the video before plaintiff's deposition. However, as addressed above, given the significant discrepancies between what is depicted in the video and the allegations in plaintiff's Complaint, discovery responses and medical records, Costco has good cause to withhold exchanging the video until after plaintiff's deposition.


Thank you for the opportunity to address the Court in this matter.

Respectfully submitted,

/s/ Ian E. Hannon
Ian E. Hannon (ih-1464)


cc:    Via ECF
       Jeannie I. Rivera, Esq.
       Mirman, Markovits & Landau, PC