Law Offices
# MIRMAN, MARKOWITS & LANDAU
291 Broadway, 6th Floor
New York, New York 10007
(212) 227-4000
Fax (212) 227-5011

July 18, 2021

**Via ECF and Courtesy Copy by Regular Mail**
Honorable Stewart D. Aaron, Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Among, Dora v. Costco Wholesale Corporation
               Docket No.: 1:21-cv-02049-CM-SDA

Dear Judge Aaron:

      This office represents plaintiff, Dora Ampong, in the above referenced matter. This letter is respectfully submitted in opposition to defendant's, Costco Wholesale Corporation ("Costco"), letter motion for a protective order permitting Costco to withhold exchanging a copy of video footage of plaintiff's accident until after her deposition. Ms. Ampong was caused to trip and fall on a rug at or near the entrance of the Costco store. A copy of the Member First Report of Incident filed on the date of accident, and which Costco exchanged in their Initial Disclosure Pursuant to Rule 26(a)(1) disclosure, is annexed hereto as **Exhibit "A"**.

      As a threshold matter, the videotape at issue is clearly discoverable pursuant to Rule 26. Costco does not dispute that the video footage, which depicts plaintiff's accident, is relevant to the subject matter of this litigation. Moreover, Costco has not claimed that the video footage is privileged. Rather, Costco seeks to postpone production of the video footage until plaintiff has been deposed, because "there are significant discrepancies between how plaintiff alleges the accident occurred and what is depicted in the warehouse's video". These "significant discrepancies" are not revealed in any way to plaintiff's counsel nor to the Court in Costco's letter motion. Clearly, Costco has failed to establish the requisite "good cause" under Rule 26 and thus, their application should be denied.

      The purpose of Rule 26 is to promote fairness, an even playing field for all parties and to eliminate surprise and prejudice. Nowhere, under the rules of this court, is the defendant granted the authority to unilaterally dictate the timing of the exchange of evidence so as to better serve

defendant's defense, delay plaintiff from viewing evidence establishing defendant's negligence, potentially allowing defendant to leverage the evidence in way meant to garner a favorable settlement, or serve in any other purpose highly prejudicing plaintiff.

Generally, the Court may issue a protective order where "good cause" has been established. *See* Fed. R. Civ. P. 26(c)(1); Rofail v. United States, 227 F.R.D. 53, 54 (E.D.N.Y. 2005). A party may meet its burden to establish good cause by setting forth "particular and specific facts". Rofail, 227 F.R.D. at 54; see also Gordon v. Target Corp., 318 F.R.D. 242, 2016 U.S. Dist. LEXIS 167683, 2016 WL 7048702, (E.D.N.Y. 2016).   Here, defendant fails to set forth any such particular and specific facts.   As such, defendant's letter motion must be denied.

Here, defendant's counsel only states that "the allegations contained in plaintiff's discovery responses and medical records are at complete odds with what is depicted in the store video".   This is counsel's opinion and opinion is not fact.  Surely, mere opinion by defendant's counsel is insufficient to establish the requisite "good cause" under Rule 26.

As for defendant's counsel's conclusory allegations that plaintiff might tailor her testimony, *unsupported by any particular and specific demonstration of fact*, this too is insufficient to establish the requisite "good cause" under Rule 26.  Mere conclusory statements that a party might tailor its testimony does not establish good cause." Rofail v. United States, 227 F.R.D. 53, at 59 (E.D.N.Y. 2005). In Rofail the court denied defendant's motion by holding that "no case describes the possibility that a plaintiff might tailor testimony to a prior statement as good cause pursuant to Rule 26(c)" Rofail, 227 F.R.D. at 59.  A copy of the Decision is annexed hereto as **Exhibit "B"**.

As for defendant's counsel's argument that withholding of the video footage until after plaintiff's deposition is necessary in order to preserve the impeachment value of the video footage, same argument can be advanced with respect to a practically limitless list of frequently produced discovery, including, but not limited to, police reports, witness statements, party admissions, and photographs. The rules of this Court, however, do not allow for defendant to withhold such discovery. The same is true with respect to the video footage at issue in this matter. Allowing defendant to withhold the video footage until after plaintiff's deposition would lead to a slippery slope where, potentially, all discovery could be withheld out of concern that the information/material may influence or alter a party's deposition testimony.  There is simply no sound reason to treat the video footage at issue differently from other routine discovery.  If defendant is permitted to withhold the video footage, it would open the floodgates of motion practice. Parties would begin to routinely refuse to produce all evidence that would be more beneficial to produce after depositions are conducted.

Defendant is not prejudiced by the exchange of the video footage prior to plaintiff's deposition.  Video footage of the accident is not the the sole and exclusive remedy available to defendant's counsel to impeach plaintiff on any perceived inconsistencies.  The fact is, plaintiff filed an incident report on the date of the accident (*which has been exchanged by defendant's*

*counsel*), subsequently served pleadings and served responses to interrogatories with allegations of how it is the accident occurred. Same documents and materials can similarly be used to impeach plaintiff, if in fact defendant truly believe plaintiff's testimony significantly and materially differs from what is shown in the video footage.

On the other hand, to allow defendant to delay exchanging the video of this accident until after plaintiff's deposition *is highly prejudicial to plaintiff.* To do so would create a scenario where defendant's sole intent and purpose during the deposition would be less a search for truth and more a relentless assault designed to manufacture inconsistencies. Even truthful witnesses can have a shaky grasp of the facts. Time, excitement, injury, uncertainty, nervousness— all work against an accurate account of a traumatic event. Fairness concerns weigh against the kind of sandbagging involved when the moving party sets up grounds for impeachment by using undisclosed materials in an attempt to manufacture inconsistencies.

In a nearly identical situation to the case at bar, this same defendant counsel's motion seeking a protective order to withhold surveillance footage capturing an incident for purposes of impeachment was denied. In Gordon v. Target Corp., 318 F.R.D. 242, 2016 U.S. Dist. LEXIS 167683, 2016 WL 7048702, (E.D.N.Y. 2016), the facts and authorities cited by defendant counsel are nearly identical to the case at bar. Although defendant's counsel cites to Gordon in their letter motion, they failed to attach the case as an exhibit. Copies of the decision are annexed hereto as **Exhibit "C"**. In Gordon, the court denied defendant's motion seeking a protective order based on defendant's failure to state specific facts or circumstances to establish "good cause". The court also denied defendant's motion for reconsideration.

It is respectfully requested that this Court deny defendant's letter motion seeking a protective order in its entirety and order defendant to disclose the video without further delay and prior to plaintiff's deposition.

Alternatively, if this Court is so inclined to consider defendant's application for a protective order as oppose to denying it outright, then plaintiff respectfully request an in-camera inspection of the video prior to making any such determination. Respectfully, this Court should not rely solely on defense counsel's conclusory and unsupported allegations without the benefit of viewing the video.

                                               Respectfully submitted,

                                               Jeannie I. Rivera (JR0821)

cc: **Via ECF**

Ian E. Hannon, Esq.

Simmons Jannace DeLuca, LLP