```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/27/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dora Ampong,

                       Plaintiff,

-against-

Costco Wholesale Corp.,

                       Defendants.

1:21-cv-02049 (CM) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Defendant Costco Wholesale Corporation ("Defendant" or "Costco") for a protective order permitting Defendant to withhold production of video footage of the accident that Plaintiff Dora Ampong ("Plaintiff" or "Ampong") alleges occurred on Defendant's premises until after Plaintiff's deposition. (Def.'s Ltr. Mot., ECF No. 22.) For the reasons set forth below, Defendant's motion is GRANTED.

**BACKGROUND**

In this diversity action, Ampong alleges that, on December 19, 2019, she was injured on Costco's premises at One Westchester Avenue, Port Chester, New York. (*See* Compl., ECF No. 1-1, ¶¶ 1, 7.) On the day of the incident, a Costco report was signed by Ampong in which the incident was described as follows: "While walking through the entrance door pushing the cart, she tripped on the rug that was rolled up in front of [the] Samsung TV demo." (Incident Rpt., ECF No. 23-1.)

On October 28, 2020, Ampong was examined by Dr. Anson Moise. (*See* 10/28/20 Medical Record, ECF No. 22-3.) During such examination, she advised Dr. Moise that "[s]he was walking

in Costco when she tripped on carpet and landed onto her left knee and struck her back onto [a] TV stand." (*See id*. at 1.)

On December 8, 2020, Ampong filed her Complaint in the Supreme Court of the State of New York, Bronx County. (*See* Compl.) On February 22, 2021, she served a Verified Bill of Particulars in which she states that she "was caused to trip and fall" at the front entrance of Costco's premises "due to the negligence of [Costco] and its store employees in failing to remove, repair or replace a rug placed at the entrance of the store." (Verified Bill, ECF No. 22-2, ¶¶ 4-5.)

On March 10, 2021, this action was removed to this Court. (*See* Not. of Removal, ECF No. 1.) On May 27, 2021, District Judge McMahon entered a Case Management Plan setting forth a discovery schedule. (Case Mgt. Plan, ECF No. 17.) On June 23, 2021, Ampong served her response to Costco's First Set of Interrogatories. (Pl.'s Rog Responses, ECF No. 22-1.) In response to Interrogatory No. 4, she stated that "[t]he accident occurred when [she] was caused to trip and fall due to the negligence of [Costco] and its store employees in failing to remove, repair or replace a rug at or near the entrance to the store." (*See id*. at 3.) On July 12, 2021, this action was referred to me for general pretrial purposes. (Order of Ref., ECF No. 20.)

On July 14, 2021, Defendant filed the instant motion for a protective order to withhold production of video footage of Plaintiff's alleged accident until after her deposition. (*See* Def.'s Ltr. Mot. at 1.) Defendant asserts that "the allegations contained in plaintiff's discovery responses and medical records are at complete odds with what is depicted in the store video, thus warranting withholding the video in order to preserve its impeachment value." (*See id*.) On July 19, 2021, Plaintiff filed her response to Defendant's motion in which she argues that Defendant has not shown good cause for issuance of a protective order. (*See* Pl.'s Resp., ECF No. 23, at 1-2.)

2

Plaintiff then states that, "if this Court is so inclined to consider defendant's application for a protective order[,] as oppose[d] to denying it outright, then plaintiff respectfully request[s] an in-camera inspection of the video prior to making any such determination." (*Id*. at 3.) On July 20, 2021, Defendant filed its reply, in which Defendant also invites the Court's *in camera* review of the subject video footage. (*See* Def.'s Reply, ECF No. 24.)

On July 21, 2021, I entered an Order directing Defendant's counsel to send to me a thumb drive containing the video footage for my *in camera* review. (7/21/21 Order, ECF No. 25.) I have received and reviewed the video footage.[1]

### LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] Fed. R. Civ. P. 26(c). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

---

[1] In addition to the thumb drive, Defendant's counsel enclosed a letter to the Court, dated July 21, 2021, that provided instructions for viewing the videos; indicated the time stamps for the relevant portions of the video; and stated Defendant's position as to the alleged discrepancy. Plaintiff objected to Defendant's submission of a letter along with the video and asks the Court to disregard it. (Pl.'s 7/22/21 Ltr., ECF No. 27.) The Court gives no weight to Defendant's assessment and has drawn all conclusions regarding the video from its own independent review. The Court will file Defendant's July 21 letter under seal with access only to Court personnel and thereafter will remove the seal, and make the letter publicly available, once Plaintiff's deposition has been taken.

[2] In addition, under Rule 26, a court can order that discovery take place in a particular sequence. *See* Fed. R. Civ. P. 26(d)(3); *see also Katrinic v. Moonstar Logistics, LLC*, 19-CV-08733 (LGS), 2020 U.S. Dist. LEXIS 32036, at * 1 (S.D.N.Y. Feb. 25, 2020) ("A trial court has 'wide discretion in its handling of pre-trial discovery,' including for the timing of production.") (quoting *In re Speer*, 754 Fed. App'x 62, 63 (2d Cir. 2019)).

3

The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 Fed. App'x 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and quotation marks omitted).

## APPLICATION

The Court, in its discretion, finds that Defendant has met its burden to show good cause why a protective order should be entered. Based upon the Court's *in camera* review of the video footage, there does appear to be a discrepancy between what is depicted in the video footage as compared to Plaintiff's accounts of what occurred. Thus, there is an "independent factual basis" to warrant a stay beyond the mere "spectre that [the plaintiff] may tailor her testimony." *See Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016).

Courts in the Second Circuit routinely delay the production of similar surveillance videos until after a party's deposition to preserve the impeachment value of certain evidence. *See*, *e.g.*, *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-CV-02000, 2019 WL 3852590, at *3 (D. Conn. Aug. 16, 2019) (denying motion to compel and delaying production of surveillance video until after deposition); *McQueen v. Huddleston*, No. 13-CV-00302, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions"); *Poppo v. Aon Risk Servs.*, No. 00-CV-04165, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) (collecting cases and stating, "Second Circuit courts have delayed

4

the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions.").

Moreover, there will be no real prejudice to the Plaintiff in receiving the footage after her deposition. The footage is a recording of an incident where Plaintiff herself was present. Thus, she does not need the video to present the substantive evidence in her case. *See Hui Wang*, 2019 WL 3852590, at *11 ("Plaintiff was necessarily present at her own 'slip and fall' . . . so has personal knowledge of the relevant facts giving rise to her claim.") In addition, under the Case Management Plan, Plaintiff's deposition is scheduled to take place no later than September 17, 2021, which is well before the December 31, 2021 close of discovery. (*See* Case Mgt. Plan at 2.) Accordingly, Plaintiff will have sufficient time after she receives the video to review it and seek any appropriate follow-up discovery. *See id*. (no "risk of gamesmanship resulting from possible unexpected facts revealed by [surveillance] video" when plaintiff had four months after deposition to analyze video and conduct follow-up discovery).

Thus, the Court is persuaded that it is appropriate to delay production of the video footage until after Plaintiff's deposition is taken, so that she cannot – wittingly or unwittingly – tailor her testimony to conform to the video footage.[3] The Court finds that this relief strikes an appropriate balance between the parties' interests by preserving for Defendant "the value of the videotape for impeachment purposes," and providing to Plaintiff "relevant discovery well in

---

[3] Of course, by choosing to proceed in this manner, Defendant is foregoing its opportunity to ask questions to Plaintiff prior to trial about the content of the video footage.

advance of trial." *Katrinic*, 2020 U.S. Dist. LEXIS 32036, at * 1 (granting motion for protective order delaying production of surveillance video until after plaintiff's deposition).

## CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Letter Motion for a protective order to delay production of the video footage of Plaintiff's alleged accident until after Plaintiff's deposition is GRANTED. No later than seven days after the conclusion of Plaintiff's deposition, Defendant shall (1) produce the video footage to Plaintiff, and (2) notify the Court so that the seal can be removed from Defendant's July 21 letter.

Dated: New York, New York
       July 27, 2021

**SO ORDERED**.

_____
**STEWART D. AARON**
**United States Magistrate Judge**

6