| | | |
|---|---|---|
| Kevin P. Simmons<br>Steven D. Jannace<br>Sal F. DeLuca^<br>Allison C. Leibowitz<br>Michael C. Lamendola* | **SIMMONS JANNACE DELUCA, LLP**<br>ATTORNEYS AT LAW<br>43 CORPORATE DRIVE<br>HAUPPAUGE, NEW YORK 11788-2048<br>(631) 873-4888<br>FAX (631) 873-4889 | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 9/8/2022 |

*Also Admitted NJ
^Also Admitted CT

Daniel P. Borbet
Irina Feferman*
Ian E. Hannon
Michael C. Hayes
Thomas J. Jannace
Matthew C. Maloney

September 8, 2022

> Defendant's Letter Motion is GRANTED IN PART and DENIED IN PART. Defendant shall designate a witness, pursuant to Rule 30(b)(6), to testify regarding the placement, installation, maintenance and inspection of the pallet/display allegedly involved in the accident for the period of time from 6 months before the accident to the date of the accident. The terms "placement," "installation," "maintenance" and "inspection" shall be construed consistent with their ordinary usage in the English language. SO ORDERED.
> Dated: 9/8/2022

**Via ECF**
Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pear Street
New York, New York 10007-1312

Re:   Ampong, Dora v. Costco Wholesale Corporation
      Docket No.: 1:21-cv-02049 (CM)

Dear Hon. Judge Aaron:

This office represents defendant, Costco Wholesale Corporation s/h/a Costco Wholesale Corp. ("Costco") in the above-referenced matter. Costco respectfully submits the following motion to quash and/or for a protective order, limiting the topics contained in plaintiff's Notice of Deposition pursuant to Rule 30(b)(6). The motion is being addressed to Your Honor pursuant to the Order of Reference issued on July 12, 2021 (D.E. No. 20) and Judge Colleen McMahon's Individual Rules ¶ V(B).

By way of background, this incident involves an alleged trip and fall at the Port Chester Costco warehouse on December 19, 2019. Plaintiff's was deposed on March 7, 2022 and June 27, 2022. Plaintiff testified and sworn in her Supplemental Interrogatories that she was caused to trip and fall over a rolled up carpet. However, the video of the accident unequivocally shows that plaintiff was caused to trip because she was looking over her right shoulder when she tripped over a television stand, not the carpet. The video was withheld until the completion of plaintiff's deposition pursuant to Your Honor's Order. D.E. #28. Following the deposition and exchange of the video, plaintiff's counsel was advised by the undersigned of Costco's intention to move for summary judgment since the video refuted plaintiff's claim. In an effort to avoid the consequences of her prior testimony, plaintiff then served a "Corrected/Supplemental" Response to Interrogatories, wherein she now claims that she was caused to fall because of the location of the television stand.

The dispute at issue is concerning Costco's deposition, scheduled for September 9, 2022. At no point before to September 7, 2022, did plaintiff serve a notice of deposition. A fact that was willfully omitted by plaintiff's counsel when she opposed Costco's motion for a stay of

September 8, 2022                                                                                                                          Page 2

discovery deadlines pending a decision on summary judgment, claiming that plaintiff was owed a deposition of Costco. See D.E. #56.[1] Notwithstanding, Judge McMahon denied Costco's application for a stay and ordered that all discovery, including Costco's deposition, must be completed by October 7, 2022. D.E. #57.

On August 31, 2022, plaintiff's counsel, Jeannie I. Rivera, contacted the undersigned by email, proposing only one date of availability for Costco's deposition. Plaintiff had still not served a deposition notice at this time. **Ex. "A."** The same day, Sal F. DeLuca responded advising Ms. Rivera that he was away and that we were not available on the one date proposed. Mr. DeLuca requested additional dates. Ms. Rivera was also advised that plaintiff had not served a deposition notice on Costco. Id. Ms. Rivera then provided two additional dates of availability and advised that she was requesting a witness from Costco with knowledge of the "placement, maintenance, and inspection of the pallet/display." Id. Despite then being advised that our office was not available on the limited dates counsel proposed, counsel refused to provide any other availability. Id.

Plaintiff also opposed Costco's request for a proper deposition notice. Indeed, on September 1, 2022, Ms. Rivera was again asked to provide a proper deposition notice detailing the topics to be covered. Counsel again ignored this request. **Ex. "B."** Again, on September 6, 2022, the undersigned advised Ms. Rivera that Costco's deposition would not proceed without a proper Rule 30(b)(6) notice particularizing the topics counsel intended to cover. **Ex. "C."** Only after counsel left me a contention voicemail, did counsel finally agree to provide the notice.

On September 7, 2022, plaintiff served the subject deposition notice. **Ex. "D."** Plaintiff made no effort to tailor the notice as required under Rule 30(b)(6). Instead, plaintiff used vague and undefined language of "placement," "installation," "maintenance" and "inspection" which is improperly overbroad and subject to different interpretations. Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, 2017 WL 9400671, *1 (S.D.N.Y. April 27, 2017) (Rule 30[b][6] deposition notice should be "proportional to the needs of the case, not unduly burdensome...and described with "reasonable particularity"). Moreover, plaintiff's notice contained no time frames for the topics or subject matter limitations as required under Rule 30(b)(6). DDK Hotels, LLC v. Williams-Sonoma, Inc., 2022 WL 2702378, *12 (E.D.N.Y. Feb. 11, 2022); Government Empls. Ins. Co. v. Lenex Servs., Inc., 2018 WL 1368024, *3 (E.D.N.Y. March 16, 2018). The noticed topics also called for the witness to have knowledge of all "pallets/displays at the subject Costco warehouse," which is certainly overbroad and irrelevant as it is untailored to plaintiff's claim. Id. Moreover, Costco objected to Ms. Rivera's contention contained in her September 7, 2022 email, that she will not be permitted to go outside the scope of the noticed deposition. Blackrock Allocation Target Shares: Series S Portfolio, supra; Tailor Lighting, Inc. v. Osram Sylvania Products, Inc., 255 F.R.D. 340, 348 (W.D.N.Y. February 13, 2009). Plaintiff's notice is overbroad and improperly seeks a deposition to any matters remotely related to the action, which is improper. Blackrock, supra..

---

[1] As Judge McMahon's rules did not permit a reply, we were unable to inform the Court of plaintiff's omission that no deposition notice was ever served on Costco.

September 8, 2022                                                                                                          Page 3

      Upon receipt of plaintiff's notice, the undersigned served Ms. Rivera by email and mail on September 7, 2022, Costco's objection and request for a supplemental notice. See **Ex. "E."** The undesigned called to Ms. Rivera's office at approximately 2:45 p.m. and left her a voicemail requesting a conference to "meet and confer" concerning this discovery dispute. As Ms. Rivera did not return my call, I followed up again on September 8, 2022 at approximately 9:45 a.m. At this time, Ms. Rivera advised that she will not supplement the notice. Counsel erroneously contends that Costco somehow acquiesced to the use of the vague language merely because that is what Ms. Rivera included in her email. The undersigned advised Ms. Rivera that her email was not a notice of deposition, as stated in my September 6, 2022 email. It is plaintiff's duty to comply with Rule 30(b)(6) and provide with reasonable particularity the topics. After counsel shared her personal feelings about Costco, the undersigned and my office, she then advised that she would not speak with me further. I asked counsel whether she reviewed the case law cited in Costco's objection, which she refused to answer. The entire length of the phone call was approximately seven minutes The last couple of minutes of which was spent by me insisting that counsel attempt to in good faith to compromise on the notice and provide particularity as to the topics. Counsel insists she was somehow slighted, and would not speak with me.

      Costco is ready and willing to produce its witness on September 9, 2022 provided plaintiff serves a proper supplemental notice particularizing the timing of the topics as well as limiting them to being proportionate to the claim at hand. Plaintiff has made no efforts to comply with the Rule 30, and despite counsel's prior representations to the Court, Costco's deposition was not outstanding as no notice was served before September 7, 2022. Even after being asked to provide a notice on August 31, 2022, counsel waited eight days before serving the subject notice, effectively on the eve of the scheduled deposition.

      Costco respectfully requests an Order, directing plaintiff to supplement the topics in the notice to be limited to the pallet/display allegedly involved in the accident. Moreover, limiting the time frame to a reasonable time of six months before the accident, and plaintiff defining what she means by "placement," "installation," "maintenance" and "inspection."

      As the deposition is scheduled for tomorrow, Ms. Rivera and the undersigned are both available today all day for a conference with the Court.

      Thank you for the opportunity to address the Court in this matter.

                                                      Respectfully submitted,

                                                      Ian E. Hannon (ih-1464)

IEH:
cc:    <u>Via ECF</u>
       Jeannie I. Rivera, Esq.
       Mirman, Markovits & Landau, P.C.